IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO. H-09-028 |
| | § | CIVIL ACTION NO. H-13-3404 |
| STEVEN DALLAS CHAPMAN, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND OPINION**

Steven Dallas Chapman moved for resentencing under 28 U.S.C. § 2255, relying on *Descamps v. United States*, 133 S. Ct. 2276 (2013). (Docket Entry No. 87). The United States responded and moved for summary judgment on the basis that Chapman's motion is untimely and, alternatively, presents no genuine factual dispute or basis for relief. (Docket Entry No. 90).

Based on the § 2255 motion and response, the record, and the applicable law, the court grants the government's motion for summary judgment, denies Chapman's § 2255 motion, and dismisses his civil case, with prejudice. The reasons are explained below.

**I.    Background**

On January 14, 2009, a federal grand jury indicted Chapman for being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and (2). Chapman pleaded guilty to the indictment, without a plea agreement, in November 2009. He was sentenced in June 2010 to a 188-month prison term. The sentence included an enhancement under the Armed Career Criminal Act (AACA), 18 U.S.C. § 924(e), based on three prior Texas convictions for burglary. The Fifth Circuit Court of Appeals affirmed in July 2011. *United States v. Chapman*, 431 F. App'x 337 (5th Cir.

2011). On November 18, 2013, Chapman filed this Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255. (Docket Entry No. 87).

At the rearraignment, Chapman admitted to facts showing that he was guilty of the crime charged. (Docket Entry No. 75 at 16–17). The court admonished Chapman that the government would seek an enhanced penalty under the ACCA and that if the ACCA applied, the statutory minimum punishment would be 15 years. In response to the court's questions, Chapman stated under oath that he had discussed with his counsel the government's intent to seek the enhancement, understood the sentencing consequences if the enhancement applied, and with that understanding, wanted to plead guilty. (*Id.* at 10). The court accepted Chapman's guilty plea. (*Id.*).

At the June 2010 sentencing hearing, the court determined that Chapman was subject to an enhanced sentence under the ACCA based on his three prior Texas convictions for burglary. Chapman had pleaded guilty on November 7, 2001 to burglary in San Jacinto County, Texas and was sentenced to a 2-year prison term. (Presentence Report (PSR), Docket Entry No. 58 at ¶ 38). On November 28, 2001, he pleaded guilty to burglary in Montgomery County, Texas and was sentenced to serve 7 years. (PSR at ¶ 39). He pleaded guilty to another burglary offense on November 27, 2002, in Walker County, Texas, and was sentenced to a 6-year prison term. (PSR at ¶ 37).

Chapman did not dispute the prior convictions but objected to any enhancing effect from one of them. He argued that the Montgomery County burglary conviction could not serve as a predicate conviction under the ACCA.

The Texas burglary statute under which Chapman was charged and convicted in the Montgomery County case stated as follows:

> (a) A person commits an offense if, without the effective consent of the owner, the person:
>
>> (1) enters a habitation, or a building (or any portion of a building) not then open to the public, with intent to commit a felony, theft, or an assault; or
>> . . . .
>>
>> (3) enters a building or habitation and commits or attempts to commit a felony, theft, or an assault.

TEX. PENAL CODE §§ 30.02(a)(1), (a)(3).

The indictment against Chapman did not state under which section he was charged. The Fifth Circuit had previously held that a conviction under § 30.02(a)(1) was for generic burglary, but a conviction under § 30.02(a)(3) was not. *United States v. Constante*, 544 F.3d 584, 587 (5th Cir. 2008). The elements of generic burglary are (1) an "unlawful or unprivileged entry into or remaining in, (2) a "building or other structures" (3) with intent to commit a crime therein." *Taylor v. United States*, 495 U.S. 575, 598 (1990). At Chapman's sentencing hearing, the government submitted documents Chapman signed in connection with his guilty plea in the Montgomery County case. In a document entitled "Stipulation of Evidence," Chapman stated: "I stipulate and admit that on or about May 1, 2001 in Montgomery County, Texas, I did then and there intentionally and knowingly enter a habitation, without the effective consent of Jeffrey Sutton, with intent to commit theft and attempted to commit and committed theft." (*See* Docket Entry No. 90 at 6 n.4). The government submitted the confession to show that the Montgomery County conviction met the elements of generic burglary and could be used as a predicate for the ACCA enhancement. The court considered the "Stipulation of Evidence" under *Shepard v. United States*, 544 U.S. 13, 26 (2005), and adopted the PSR, which treated the prior burglary convictions as predicate ACCA convictions. Under the

PSR, the total offense level was 31 and the criminal history category was VI, which established a guideline range of 188 to 235 months with a 15-year statutory minimum. (Docket Entry No. 71 at 8). The court considered the 18 U.S.C. § 3553(a) factors and the sentencing guideline objectives and sentenced Chapman to a 188-month term. This was at the lowest end of the applicable guideline range, applying § 924(e). (Docket Entry No. 64).

On direct appeal, Chapman challenged the ACCA sentencing enhancement on the basis that his Montgomery County conviction did not satisfy all the requirements for the generic offense of burglary. The Fifth Circuit Court of Appeals held as follows:

> The . . . applicable Texas indictment conjunctively charged elements of both generic and nongeneric burglary offenses under Texas Penal Code § 30.02(a)(1) and (a)(3). The fact of Chapman's guilty plea to the charges in the indictment is alone insufficient, under Texas law, to demonstrate that his prior offense constituted the generic offense of burglary. *See United States v. Morales-Martinez*, 496 F.3d 356, 358-61 (5th Cir. 2007). The district court, however, did not rely solely on Chapman's guilty plea to the charges in the indictment; instead, the court properly considered Chapman's written judicial confession. *See United States v. Garcia-Arellano*, 522 F.3d 477, 481 (5th Cir. 2008).
>
> In his confession, Chapman stipulated that he committed each allegation in the indictment, including the elements of both the generic and nongeneric burglary offenses. This language cleared up any ambiguity regarding Chapman's guilty plea to the conjunctive charges in the indictment; was sufficient to establish Chapman's conviction for a generic burglary offense; and was thus sufficient to support the district court's application of the armed career criminal sentencing enhancements. *See id.* at 480-81.

*Chapman*, 431 F. App'x at 338.

In this § 2255 motion, Chapman argues that after *Descamps*, the Montgomery County burglary conviction no longer supports the ACCA enhancement. (Docket Entry No. 88 at 5–7). The

effect of *Descamps* turns first on whether it applies retroactively to this postconviction collateral challenge that was filed long after AEDPA's limitations period expired. Second, the effect turns on whether *Descamps* allows using the modified categorical approach to determine whether Chapman's conviction for Texas burglary met the elements of generic burglary and as a predicate conviction for an ACCA enhancement.

Both questions are analyzed below.

## II. Analysis

### A. Timely Filing

Under 28 U.S.C. § 2255, a prisoner may file a writ of habeas corpus to "vacate, set aside, or correct" a federal sentence when he claims his sentence "was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255; *see also Johnson v. United States*, 544 U.S. 295, 304 (2005). The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides a one-year limitation period for filing federal habeas corpus petitions. Under 28 U.S.C. § 2255, the limitations period runs from the latest of several trigger dates, including "the date on which the judgment of conviction becomes final" or "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. §§ 2255(f)(1), (3).

Chapman's conviction became final on September 29, 2011, when the time for filing for a writ of certiorari expired. Chapman filed his § 2255 motion on November 14, 2013. Absent tolling or an exception, AEDPA's one-year limitations period bars Chapman's claim.

Chapman contends that the Supreme Court's January 7, 2013 decision in *Descamps* reset the AEDPA one-year limitations period. *See* 28 U.S.C. § 2255(f)(3); *see also Dodd v. United States*,

545 U.S. 353, 358–59 (2005) (holding that if a Supreme Court decides a case recognizing a new right, a federal prisoner seeking to assert that right will have one year from the Supreme Court's decision to file his motion to vacate). Application of § 2255(f)(3) is limited to situations in which the right is both newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. *Id.* at 358; *see also Teague v. Lane*, 489 U.S. 288, 310–11 (1989).

The Supreme Court did not state in *Descamps* that the decision represented a new rule of law. A "new rule" is one that "breaks new ground," "imposes a new obligation on the States or the Federal Government," or is otherwise not "*dictated* by precedent existing at the time the defendant's conviction became final." *Teague*, 489 U.S. at 301 (emphasis in original). The Supreme Court was clear in *Descamps* that its holding was "dictated" by established precedent. *Descamps*, 133 S. Ct. at 2283 ("Our caselaw explaining the categorical approach and its 'modified' counterpart all but resolves this case."); *id.* at 2285 (describing the Court's prior applications of the modified categorical approach as "the only way we have ever allowed" that approach to be applied); *id.* at 2286 ("We know Descamps' crime of conviction, and it does not correspond to the relevant generic offense. Under our prior decisions, the inquiry is over."); *id.* at 2286 (describing Ninth Circuit's analysis as "[d]ismissing everything we have said on the subject"); *id.* at 2288 (describing Ninth Circuit's analysis as "flout[ing] our reasoning").

While no circuit court has addressed the issue, the district courts that have done so consistently hold that *Descamps* does not apply retroactively to cases on collateral review. *See Valencia-Mazariegos v. United States*, No. 14-cv-338, 2014 WL 1767706, at *3 (W.D. Tex. May 1, 2014) (collecting cases); *see also Randolph v. United States*, No.13-cv-1227, 2013 WL 5960881, at *1 (D. Md. Nov. 6, 2013) ("The Supreme Court has not, however, indicated that *Descamps* applies

retroactively to cases on collateral appeal, and this court is not aware of any circuit court opinion so holding."); *Roscoe v. United States*, No. 11-cr-37, 2013 WL 5636686, at *11 (N.D. Ala. Oct. 16, 2013) (stating the Supreme Court has not made *Descamps* retroactively applicable on collateral review); *cf. Strickland v. English*, No. 13-cv-248, 2013 WL 4502302, at *8 (N.D. Fla. Aug. 22, 2013) (finding "*Descamps* does not open the § 2241 portal" to review the claim under the savings clause).

Under the applicable authority, Chapman's motion is untimely and can be denied on that basis. The court also addresses whether, if Chapman had timely raised the effect of *Descamps*, he would prevail. The primary reason for looking at the impact of *Descamps* on the ACCA enhancement for prior convictions under the Texas burglary statue is that courts within the Fifth Circuit have not yet done so.

### B. The Effect of *Descamps*: Is § 30.02(a)(3) Nongeneric *and* Indivisible?

The Supreme Court has developed two methods for determining whether a prior conviction meets the generic definition: the categorical approach and the modified categorical approach. The categorical approach is more "limited" in the sense that courts applying it "must look only to the statutory definitions of the prior offenses . . . and not to the particular facts underlying those convictions." *Taylor v. United States*, 495 U.S. at 600. The modified categorical approach is less limited in that it allows courts to look beyond a statute to a limited class of documents, often called *Shepard* documents, to determine whether the prior conviction satisfied the elements of the generic ACCA offense. *See Descamps*, 133 S. Ct. at 2283–84; *see also Shepard* 544 U.S. at 26 (establishing that courts using the modified categorical approach may examine "the terms of the charging

document, the term of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or . . . some comparable judicial record in this information").

If the modified categorical approach applies to a prior conviction, courts may use the *Shepard* documents to determine which part of the statute the defendant was necessarily convicted under and then analyze whether that part matches the corresponding elements of the generic offense.[1] If the modified categorical approach cannot be applied, the inquiry ends. The sentencing court may not then consider the *Shepard* documents to determine that the defendant's prior conviction can be used as a predicate for ACCA enhancement. *See id.*

Some pre-*Descamps* decisions assumed that the modified categorical approach, which allows consideration of *Shephard* documents, applied to all nongeneric statutes. *See, e.g., United States v. Aguila-Montes de Oca*, 655 F. 3d 915 (9th Cir. 2011) (en banc) (per curiam), *overruled on other grounds by Descamps*, 133 S. Ct. at 2292–93. In *Descamps*, the Supreme Court clarified that the modified categorical approach can be applied only when the nongeneric statute is also a "divisible" statute. A divisible statute "sets out one or more elements of the offense in the alternative." *Descamps*, 133 S. Ct. at 2281–82. By contrast, a statute is indivisible if it contains "a single, indivisible set of elements." *Id.* at 2282; *see also id.* at 2281 (defining an indivisible statute as one

---

[1] Crimes are defined generically to allow courts to fairly apply sentencing enhancements. For example, when applying the ACCA to burglary, the crime of burglary "must have some uniform definition independent of the labels employed by various States' criminal codes." *Taylor*, 495 U.S. at 592. Defining the crime of burglary generically "protect[s] offenders from the unfairness of having enhancement depend upon the label employed by the State of conviction." *Id.* at 590. In *Taylor*, the Court looked at the text and legislative history of the ACCA and concluded "that Congress meant . . . 'burglary' [in] the generic sense in which the term is now used in the criminal codes of most States." *Id.* at 598.

"not containing alternative elements"). If the statute under which a defendant was previously convicted is nongeneric and indivisible, the modified categorical approach is inapplicable.

As noted above, the elements of generic burglary are (1) "an unlawful or unprivileged entry into, or remaining in," (2) "a building or other structure," (3) "with intent to commit a crime therein." *Taylor*, 495 U.S. at 598. The Texas burglary statute under which Chapman was convicted includes both § 30.02(a)(1), which the Fifth Circuit has held contains all of the elements of generic burglary,[2] and § 30.02(a)(3), which does not. Because the indictment against Chapman did not specify under which section he was charged, in determining whether the Montgomery County burglary conviction could be counted for ACCA purposes, the district and appellate courts applied the modified categorical approach and considered Chapman's confession in the "Stipulation of Evidence" he signed to determine that he was convicted under § 30.02(a)(3), not § 30.02(a)(1). The courts then found that the confession was sufficient to establish Chapman's conviction for generic burglary, providing a predicate conviction for the ACCA enhancement. *Chapman*, 431 F. App'x at 338.

Under *Descamps*, whether the district and appellate courts properly considered Chapman's judicial confession depends in part on whether § 30.02(a)(3) is a divisible statute setting forth alternative elements of the offense. Given the Fifth Circuit's holding that the elements of § 30.02(a)(3) are broader than generic burglary, the categorical approach does not apply. *See Constante*, 544 F.3d 587. A court may apply the modified categorical approach to a nongeneric statute if the statute is divisible. But if a statute is indivisible, *Descamps* prohibits application of the

---

[2] This court later addresses the Fifth Circuit decisions holding that the elements of § 30.02(a)(1) are no broader than the elements of generic burglary.

modified categorical approach. If § 30.02(a)(3) is indivisible, Chapman would not have three predicate ACCA convictions, and the enhancement would be improper.

The Eleventh Circuit's opinion in *United States v. Howard*, 742 F.3d 1334 (11th Cir. 2014), provides a helpful framework for determining whether a nongeneric statute is divisible. In *Howard*, the court analyzed the effect of *Descamps* on a conviction under the Alabama third-degree burglary statute. The court stated:

> If the statute is non-generic, [the court] must determine whether it is divisible or indivisible. See *Descamps*, 133 S. Ct. at 2281–82 . . . . [Under] *Descamps* . . . a statute is divisible if it "sets out one or more elements of the offense in the alternative—for example, stating that burglary involves entry into a building or an automobile." *Id.* at 2281. By contrast, a statute is indivisible if it contains "a single, indivisible set of elements." *Id.* at 2282; *see also id.* at 2281 (defining an indivisible statute as one "not containing alternative elements"). An example of an indivisible statute would be one that criminalizes assault "with a weapon," instead of criminalizing assault "with a gun, a knife, or an explosive." *See id.* at 2290. . . . *Descamps* indicates that sentencing courts should usually be able to determine whether a statute is divisible by simply reading its text and asking if its elements or means are "drafted in the alternative." *Id.* at 2285 n.2.

*Howard*, 742 F.3d at 1345–46.[3]

The Fifth Circuit does not appear to have examined § 30.02(a)(3) after *Descamps*. The Tenth Circuit did analyze the divisibility of the statute in *United States v. Armendariz-Perez*, 543 F. App'x 876 (10th Cir. 2013). The analysis in *Armendariz-Perez* arose in a slightly different context than in the present case. The *Armendariz-Perez* court was examining whether a conviction

---

[3] *Descamps* left open the question whether sentencing courts deciding divisibility issues should be bound by state-court decisions about the elements of a crime. *See* 133 S. Ct. at 2291.

under § 30.02 qualified as "burglary of a dwelling" for a sentencing enhancement under U.S.S.G. § 2L1.2. Here, the issue is whether § 30.02(a)(3) may be used to find that Chapman committed the offense of generic burglary for a sentencing enhancement under the ACCA. The divisibility analysis, however, is the same for both.

In *Armendariz-Perez*, the panel majority concluded that §30.02, including § 30.02(a)(3), was indivisible and therefore, "[i]n light of *Descamps*, it now appears a modified categorical approach is not applicable to the Texas statute." *Id.* at 882 & n.8. The dissent concluded that § 30.02 was both nongeneric and divisible. It reasoned that the "Texas statute defining 'habitation' is more like the hypothetical statute in *Descamps*." *Id.* at 886. This hypothetical statute criminalized assault with "a gun, a knife, or an explosive," which *Descamps* cited as an example of a divisible statute. *See Descamps*, 133 S. Ct. at 2290.

The dissent's analysis is both persuasive and closer than the panel majority's to the prior Fifth Circuit approach. Like the hypothetical statute cited in *Descamps* and in the *Armendariz-Perez* dissent, § 30.02(a)(3) has alternative elements that "effectively create[] 'several different . . . crimes.'" *Id.* at 1347 (quoting *Nijhawan v. Holder*, 557 U.S. 29 (2009)). The key to determining divisibility, according to *Descamps*, is whether the "statute sets out one or more elements of the offense in the alternative—for example, stating that burglary involves entry into a building *or* an automobile." 133 S. Ct. at 2281 (emphasis in the original); *see also id.* at 2285 n.2 (indicating that a court may apply the modified categorical approach where the "state law is drafted in the alternative"). Section 30.02(a)(3) meets that description. The statute gives two possibilities—"habitation" and "building"—separated by the word "or." Courts view the word "or"

as indicating that the choices identify all the available alternatives. *See Descamps*, 133 S. Ct. at 2281. By contrast, the use of the word "includes" indicates a nonexhaustive, incomplete list that does not set forth alternative elements of the crime. *See Howard*, 742 F.3d at 1348–49.[4]

In addition, the definitional statute for Texas burglary defines "habitation" as limited to a "structure" *or* a "vehicle" used for habitation.[5] TEX. PENAL CODE § 31.01(1). Though the statute also provides representative examples of what can be a habitation by using the nonexhaustive term "includes," those representative examples do not mean that "habitation" is not defined in the alternative. Similarly, the statute defines "building" as "any enclosed structure intended for use or occupation as a habitation or for some purpose of trade, manufacture, ornament, or use." *Id.* § 30.01(2). There is some overlap between the definitions of "building" and "habitation"; some buildings can be habitations. This overlap is not important. The important point for the *Descamps* analysis is that the Texas statute defines "building" disjunctively, distinguishing the Texas statute

---

[4] The statute at issue in *Howard*—Alabama third-degree burglary—criminalized entry into a "building." The statute defined "building" as:

> Any structure which may be entered and utilized by persons for business, public use, lodging or the storage of goods, and such term includes any vehicle, aircraft or watercraft used for the lodging of persons or carrying on business therein, and such term includes any railroad box car or other rail equipment or trailer or tractor trailer or combination thereof

*Howard*, 742 F.3d at 1348.

The court held that the statute was indivisible because the "items that follow each use of the word 'includes' in the statute are non-exhaustive examples of items that qualify as a 'structure' and thus count as a 'building' under" the statute." *Id.* at 1348. The court explained that "[i]n light of the *Descamps* decision, illustrative examples are not alternative elements." *Id.*

[5] The Texas statute defines "vehicle" in the alternative as well. *See* TEX. PENAL CODE § 30.01(3) ("Vehicle" includes any device in, on, or by which any person or property is or may be propelled, moved, or drawn in the normal course of commerce or transportation, except such devices as are classified as "habitation.").

from the Alabama statute in *Howard*, which nonexhaustively defined "building," resulting in the Eleventh Circuit finding of indivisibility.

Because the elements of § 31.02(a)(3) are set out in the alternative, the statute is divisible. *Descamps* permits application of the modified categorical approach to Chapman's Montgomery County burglary conviction to determine whether it met the requirements of generic burglary and could serve as a predicate conviction for enhancement under the ACCA. The *Shepard* document the court consulted—the Stipulation of Evidence—shows that Chapman was convicted of an offense that qualified as generic burglary and as a predicate conviction for the ACCA.

### C. The Effect of *Descamps*: Is § 30.02(a)(1) Properly Viewed as Generic?

One issue remains, not essential to deciding this case, but an issue nonetheless. In *United States v. Silva*, 957 F.2d 157, 162 (5th Cir. 1992), the Fifth Circuit held in a published decision that a conviction under § 30.02(a)(1) was categorically a conviction for generic burglary.[5] The Fifth Circuit has since consistently relied on *Silva* to hold that the elements of § 30.02(a)(1) are no broader than generic burglary. *Constante*, 544 F.3d at 585; *United States v. Gomez*, 539 F. App'x 528, 530 n.1 (5th Cir. 2013) ("A burglary conviction under Texas Penal Code § 30.02(a)(1) qualifies as a crime of violence but a conviction under § 30.02(a)(3) does not qualify."); *United States v. Eikelboom*, 546 F. App'x 370, 372 (5th Cir. 2013) ("We have previously held that a Texas conviction for burglary of a habitation under § 30.02(a)(1) constitutes a [crime of violence]."); *United States v. Eddins*, 451 F. App'x 395, 397 (5th Cir. 2011) ("We have held that burglary under

---

[5] The court in *Silva* did not distinguish between § 30.02(a)(1) and § 30.02(a)(3). *See United States v. Silva*, 957 F.2d 157, 162 (5th Cir.1992). The Fifth Circuit later clarified that *Silva* was referring to § 30.02(a)(1). *United States v. Constante*, 544 F.3d 584, 585–86 (5th Cir. 2008); *see also Taylor v. Warden, FCI Marianna*, No. 13-13045, 2014 WL 803040 (11th Cir. Mar. 3, 2014) (recognizing that *Silva* referred to § 30.02(a)(1)).

§ 30.02(a)(1) constitutes generic burglary for purposes of the ACCA."). *Constante*, *Gomez*, *Eikelboom*, and *Eddins* all relied on *Silva* for the proposition that a conviction under § 30.02(a)(1) constitutes generic burglary.

The *Silva* court stated that § 30.02(a)(1) met *Taylor*'s definition of generic version of burglary because:

> Texas Penal Code § 30.02 punishes anyone who, "without the effective consent of the owner . . . enters a habitation, or building . . . with intent to commit a felony or theft." Section 30.02 of the Texas Penal Code is a generic burglary statute, punishing nonconsensual entry into a building with intent to commit a crime.

*Silva*, 957 F.2d at 162 (quoting TEX. PENAL CODE 30.02).

*Silva*'s analysis is brief and appears inconsistent with one aspect of the Texas burglary statute. The statute defines "habitation" to include certain vehicles. TEX. PENAL CODE § 30.02(1). The statute defines "habitation" more broadly than the word's common meaning as a structure or building that people live in. The statute criminalizes entry into vehicles as well as buildings or structures. The generic burglary definition in *Taylor* is not so broad; it criminalizes only entry into "buildings or structures." *Taylor*, 495 U.S. at 598. The Supreme Court and other circuits have stated that generic burglary does not include nonconsenual entry into boats or motor vehicles, even if they are used for habitation. *Shepard*, 544 U.S. at 16 ("The [ACCA] makes burglary a violent felony only if committed in a building or enclosed space ('generic burglary'), *not in a boat or motor vehicle*.") (emphasis added); *United States v. Ramon Silva*, 608 F.3d 663, 668 (10th Cir. 2010); *United States v. Grisel*, 488 F.3d 844, 848 (9th Cir. 2007) (en banc) ("[T]he term 'building or structure' does not encompass objects that could be described loosely as structures but that are either not designed for occupancy or not intended for use in one place. It was this understanding of

'building or structure' that the [Supreme] Court adopted."). Including "vehicle" in the Texas burglary statute appears to make it broader than generic burglary.

Under Texas law, a person could be convicted of violating § 30.02(a)(1) for entering a vehicle that is adapted for "overnight accommodation of persons," for example, a motorhome. Because a person could not be convicted of generic burglary for such conduct, § 30.02(a)(1) may criminalize a broader range of conduct than generic burglary covers. If that is correct, a conviction under § 30.02(a)(1) does not categorically constitute a conviction for generic burglary. Guidance from the Fifth Circuit could help resolve whether, after *Descamps*, a § 30.02(a)(1) conviction is for a generic or nongeneric offense.

Regardless of how that issue is resolved, however, Chapman was appropriately treated as an armed career criminal and his sentence enhancement was proper. The § 2255 motion is denied and the civil action is dismissed, with prejudice.

### III. Conclusion

Chapman's § 2255 motion raises no genuine material fact dispute. The court denies Chapman's § 2255 motion, grants the government's summary judgment motion, and separately enters final judgment in the civil action.

SIGNED on May 14, 2014, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge